014691-002212-bb

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| COUNTRYWIDE BANK, N.A., A DIVISION OF TREASURY BANK, N.A.,, | CASE NO. 1:06-cv-00939 |
| Plaintiff, | DISTRICT JUDGE GAUGHAN |
| v. | |
| ESTHER C. GOLDEN, ET AL., et al., | **DEFAULT JUDGMENT AND DECREE IN FORECLOSURE** |
| Defendants. | |

UNITED STATES DISTRICT JUDGE GAUGHAN

This matter is before the Court on Plaintiff's Motion for Default Judgment and Decree in Foreclosure, to obtain judgment upon the Note as described in the Complaint, to foreclose the lien of the Mortgage securing the obligation of such Note upon the real estate described herein, and to require all parties to set up their claims to the real estate or be barred.

The Court finds that: (1) the Defendant(s) Esther C. Golden is in default of Motion or Answer; and (2) the Clerk's Entry of Default was filed herein on July 27, 2006.

Accordingly, the Court takes the allegations contained in the Complaint as true, including that there is due and owing to the Plaintiff against Esther C. Golden in the amount of $93,915.41, plus interest on outstanding principal balance due at the rate of 4.25% from December 1, 2005, together with late charges, plus advances, if any, made by Plaintiff to protect its interest in the Property, plus costs and expenses incurred by plaintiff to enforce its rights under the subject Note and Mortgage.

The Note is secured by the Mortgage held by the Plaintiff, which mortgage constitutes a valid and first lien upon the following described premises (the "Property"):

**EXHIBIT "A"**
DESCRIPTION OF REAL ESTATE

SITUATED IN THE CITY OF MAYFIELD HEIGHTS COUNTY OF CUYAHOGA AND STATE OF OHIO:
AND KNOWN AS BEING SUB LOT NO. 20 IN THE OVERLOOK LAND COMPANY'S EASTWOOD-MAYFIELD HEIGHTS SUBDIVISION OF PART OF ORIGINAL MAYFIELD TOWNSHIP LOT NO. 19, TRACT NO. 2 AND PART OF ORIGINAL MAYFIELD TOWNSHIP LOT NO. 25, TRACT NO. 3, AS SHOWN BY THE RECORDED PLAT IN VOLUME 108 OF MAPS, PAGE 6 OF CUYAHOGA COUNTY RECORDS, AND BEING 45 FEET FRONT ON THE EASTERLY SIDE OF EASTWOOD AVENUE, AND EXTENDING BACK 147.38 FEET ON THE SOUTHERLY LINE, 147.28 FEET ON THE NORTHERLY LINE AND HAVING A REAR LINE OF 45 FEET, AS APPEARS BY SAID PLAT, BE THE SAME MORE OR LESS, BUT SUBJECT TO ALL LEGAL HIGHWAYS.

PARCEL NO. 861-02-076

COMMONLY KNOWN AS: 1361 EASTWOOD AVENUE, MAYFIELD HEIGHTS OHIO 44124

Parcel Number: 86102076
Commonly known as: 1361 Eastwood Avenue, Mayfield Heights, OH 44124

Taking as true the allegations contained in Plaintiff's Complaint, the Court finds that the Mortgage was filed for record on February 12, 2004 as Instrument Number 200402120749 in the Cuyahoga County Recorder's Office; that the conditions of said Mortgage have been broken; and that Plaintiff is entitled to have the equity of redemption of the Defendant-Titleholder foreclosed.

The Court finds that defendant The Huntington National Bank, claims some right, title, interest, or lien upon the premises described herein, and has set forth its claims in its pleadings filed herein, but that any right, title, interest, or lien that it may have is inferior and subsequent to the lien of the Plaintiff.

The Court makes no finding as to the right, title, interest, or lien of said defendant a set forth in its pleadings filed herein, except to note that, by agreement of the parties, such right title, interest or lien of the above named defendant is hereby ordered transferred to the proceeds derived from the sale of said premises, after the payment of the costs of the within action, taxes

due and payable and the amount of herein above found due to the Plaintiff, and the same are hereby ordered to continued until further order from the court.

IT IS THEREFORE ORDERED, that unless the sums hereinabove found to be due to Plaintiff and the costs of this action be fully paid within three (3) days from the date of the entry of this decree, the equity of redemption of the Defendant-Titleholder in said real estate shall be foreclosed and the real estate sold, free and clear of the interest of all parties herein, and an order of sale shall be issued to the Master Commissioner of the Northern District of Ohio directing him to appraise and sell the premises at public sale, as upon execution and according to law, after having the property advertised pursuant to 28 U.S.C. §§ 2001 and 2002.

ORDERED FURTHER, that the Master Commissioner shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication.

In the event that an Order of Sale is returned by the Master Commissioner unexecuted, subsequent Orders of Sale shall be issued in accordance with the Court's instructions.

ORDERED FURTHER, that the Master Commissioner, upon confirmation of said sale, shall pay from the proceeds of said sale, upon the claims herein found, the amounts thereof in the following order of priority:

1. To the Master Commissioner for his or her fees and to satisfy all costs incurred by the Master Commissioner incident to the advertising and sale of the property;

2. To the Treasurer of Cuyahoga County, the taxes and assessments due and payable as of the date of transfer of the property after the Master Commissioner's Sale;

3. To the Plaintiff, the sum of $93,915.41, with interest at the rate of 4.25% per annum from December 1, 2005;

4. To the Plaintiff, the sums advanced for real estate taxes, hazard insurance, and property protection;

5. The balance of the sale proceeds, if any, shall be held by the Master Commissioner to await further orders of distribution by this Court.

Since Plaintiff if the first and best lienholder, (junior to any real estate taxes), if it is the successful bidder at the Master Commissioner's Sale, Plaintiff shall not be required to make a deposit at the time of sale.  Plaintiff shall pay the balance of all the Master Commissioner's costs due and owing, and real estate taxes due and payable, when they are ascertained.

Upon distribution of the proceeds of sale as described above and entry of an order confirming the sale and ordering a deed to the purchaser, a certified copy of the entry shall be issued to the Cuyahoga County Recorder directing him or her to enter the same on the margin of the records of the mortgages and liens, releasing the liens adjudicated herein from the premises.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
United States District Judge Gaughan

DATE: 9/29/06